IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TERRELL THOMAS,                )
                               )    Civil No. 04-1600-ST
        Petitioner,            )
                               )
    v.                         )
                               )
B. BELLEQUE,                   )
                               )    FINDINGS AND RECOMMENDATION
        Respondent.            )

    Anthony Bornstein
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Hardy Myers
    Attorney General
    Lynn David Larsen
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

///

    1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254. He alleges that the Lane County Circuit Court violated his federal right to due process of law when it imposed two fully consecutive sentences for the crimes of Sexual Abuse in the First Degree. For the reasons which follow, the Amended Petition for Writ of Habeas Corpus (docket #27) should be denied, and judgment should be entered dismissing this case with prejudice.

## BACKGROUND

On October 13, 1997, petitioner was informed that he had been let go from his job. Trial Transcript, p. 408. This prompted him to drink heavily and ingest narcotics. Id at 463-68, 518-20. He then attacked Aleta Haslem, a University of Oregon student, in the parking lot outside of the School of Music. Id at 116-17. He entered her car, grabbed her inner thigh and shoulder, and told her that he was going to have sexual intercourse with her. Id at 118. Haslem fought petitioner off when she bit his tongue, screamed for help, and repeatedly honked her horn. Id at 119-20.

Shortly thereafter, petitioner assaulted Sherlyn Tay as she walked home from the University of Oregon. Id at 230. He pushed her to the ground and tugged at her clothing before forcing her into his car where he sexually assaulted her. Id at 230-235. Petitioner then drove away with Tay in his car but subsequently crashed, enabling Tay to escape. Id at 168-69, 174-75, 182.

2 - FINDINGS AND RECOMMENDATION

Based on these incidents, petitioner was charged with Kidnapping in the First Degree, two counts of Attempted Rape in the First Degree, two counts of Sexual Abuse in the First Degree, Unlawful Entry Into a Motor Vehicle, and Failure to Perform the Duties of a Driver to Injured Persons. Respondent's Exhibit 102.

A jury convicted petitioner of all charges, and the Lane County Circuit Court sentenced him to 90 months on the Kidnapping conviction, and 75 months for each Sexual Abuse conviction, all of which were mandatory minimum sentences under Oregon's Measure 11. Id. The court ordered that all Measure 11 sentences run consecutively for a total of 240 months, and that all remaining sentences run concurrently. Id.

Petitioner directly appealed his convictions and sentences, but the Oregon Court of Appeals denied relief without a written opinion, and the Oregon Supreme Court denied review. State v. Thomas, 169 Or. App. 305, 9 P.3d 161 (2000), rev. denied, 331 Or. 633, 19 P.3d 357 (2001).

Petitioner next filed for post-conviction relief ("PCR"), but the PCR trial court denied relief on all claims. Respondent's Exhibit 124. The Oregon Court of Appeals affirmed without a written opinion in Thomas v. Lampert, 194 Or. App. 725, 99 P.3d 1237 (2004). Petitioner did not seek review by the Oregon Supreme Court.

3 - FINDINGS AND RECOMMENDATION

On January 20, 2006, petitioner filed an Amended Petition for Writ of Habeas Corpus. He alleges that the trial court's failure to consider imposing partially concurrent Measure 11 sentences violated his federal due process rights because such an action was contrary to Oregon's statutes on sentencing authority, and thereby abridged his liberty interest in the State's adherence to its own rules governing criminal sentencing.

Respondent asks the court to deny relief on the Petition because: (1) petitioner's federal due process claim was never fairly presented to the Oregon state courts; and (2) the claim is without merit. Because petitioner's due process claim fails on its merits, the court declines to decide the exhaustion issue. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.").

## DISCUSSION

### I.  Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. Id at 410. The state court's application of clearly established law must be objectively unreasonable. Id at 409.

When a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal habeas court must conduct an independent review of the record to determine whether the state court clearly erred in its application of Supreme Court law. Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

5 - FINDINGS AND RECOMMENDATION

In such an instance, although the court independently reviews the record, it still defers to the state court's ultimate decision. <u>Pirtle v. Morgan</u>, 313 F.3d 1160, 1167 (9th Cir. 2002).

## II. **Analysis**

The prosecutor, Douglass Harcleroad, asked the court to impose a partially concurrent sentence with respect to one of petitioner's Sexual Abuse convictions, resulting in the following discussion:

> The Court:  Well, Mr. Harcleroad, unfortunately you either get 75 months consecutive or 75 months concurrent. I don't believe you can take Measure 11 and [d]o a half job.
>
> Prosecutor:  I understand what you're saying, your honor.
>
> The Court:  Because Measure 11 says thou shalt serve and, you know, wisdom of the people is the wisdom of the people. I don't think one can take Measure 11 and carve it in half.
>
> Prosecutor:  I am not suggesting you carve it in half. I am suggesting you give 75 months and that you say that a portion of those run concurrent and the rest run consecutive. I am not suggesting a lesser sentence. It is 75 months. It is just that a portion of it gets to run concurrent.
>
> The Court:  The other situation I wanted to ask you about is . . . reading Measure 11 liberally, it states that the person is not eligible for any reduction whatsoever for any reason whatsoever.
>
> If you give Measure 11 sentences concurrently are you not in violation of Measure 11 because at that point in time are you not reducing the sentence for a reason because these are individual acts and certainly these are two individual young ladies. So that by running two Measure 11 sentences concurrently, if I take the language of the statute literally

6 - FINDINGS AND RECOMMENDATION

|  |  |
|---|---|
|  | which I understand the drafters of the statute want us to do, that would be I am then reducing the effective sentence as is set forth in Measure 11 because I'm not requiring the defendant to serve the entire sentence contemplated by Measure 11 for that specific crime. Do you follow me in that? |
| Prosecutor: | I follow you. I don't think Measure 11 takes away the authority of a judge to run a sentence concurrent versus consecutive as much as I may like that in some particular case and I believe I am able to argue that to a judge. I don't think it does. I don't think we have any case law on that either. |
| The Court: | I understand that. That's why I am raising that issue. I want to know your position in that regard. |
| Prosecutor: | It does remove a lot of other discretion. I don't think it makes it such that you cannot sentence concurrently if you so choose. |
| The Court: | Okay. |
| Prosecutor: | I think you need to get close to the 15 year range but if you think the law doesn't allow [you to] get close [to] the 15 year range then I recommend you be in the 20-year range. |

Trial Transcript, pp. 770-72.

The court went on to sentence petitioner to fully consecutive sentences for each of the Measure 11 convictions. Before doing so, it made findings on the record pursuant to ORS 137.124(4) and (5), the statute governing the circumstances under which the imposition of consecutive sentences is proper in Oregon. Specifically, with respect to the Kidnapping and Sexual Abuse of Ms. Tay, the court concluded these offenses "were not merely incidental violations of separate statutory provisions" but demonstrated petitioner's

7 - FINDINGS AND RECOMMENDATION

"willingness to commit more than one criminal offense because he clearly at the time he removed her from the scene had consummated the crime of sexual abuse in the first degree."  Id at 787.

As to the Sexual Abuse conviction involving Ms. Haslem, the trial court "clearly [found] that under ORS 137.123(5)(b) that there was a different victim than was caused by the other offenses and that resulted in different harm and different as outlined by the victim in her statement today."  Id at 788.

The court then sentenced petitioner as follows:

> Therefore on Count 5,[1] sexual abuse in the first degree, and for the reasons previously outlined by the Court that I doubt the court has the authority under Measure 11 to do what Mr. Harcleroad has asked by giving part consecutive, part concurrent sentence and for the reasons outlined, **in any event, regardless of that because of the findings I have made under 137.123(4) and (5)** I sentence the defendant to 75 months with the Department of Corrections of the State of Oregon.  I make that consecutive to all other sentences given here today.

Id at 788-89 (emphasis added).

In two cases decided after petitioner' sentencing, the Oregon Court of Appeals concluded that there is nothing in Oregon's sentencing statutes which prevents a court from imposing partially consecutive sentences, even when dealing with a Measure 11 sentence.  State v. Trice, 159 Or. App. 1, 976 P.2d 569, rev. denied, 329 Or. 61, 994 P.2d 120 (1999); State v. Carlson, 160 Or.

---

[1] Mr. Harcleroad had asked for a partially concurrent sentence as to Count Three which, like Count Five, consisted of Sexual Abuse in the First Degree.  Although the judge mistakenly referred to Count Five as the charge for which the State had requested a partially concurrent sentence, it does not affect the due process analysis.

8 - FINDINGS AND RECOMMENDATION

App. 651, 987 P.2d 523 (1999), rev. denied, 329 Or. 589, 994 P.2d 131 (2000). Petitioner therefore asserts that the imposition of consecutive sentences on all of his Measure 11 crimes violated his right to due process because the sentencing judge mistakenly believed he could not impose partially concurrent sentences under Oregon law.

Federal habeas relief is not available for errors in the application of state sentencing laws absent a showing of fundamental unfairness. Bonin v. Calderon, 77 F.3d 1155, 1161 (9th Cir.), cert. denied, 516 U.S. 1143 (1996). A state court's arbitrary disregard of state sentencing law and imposition of an unauthorized sentence may violate the defendant's due process rights. Hicks v. Oklahoma, 447 U.S. 343, 346 (1980).

Here, it is clear that the sentencing judge did have the authority to sentence petitioner as the prosecutor requested. However, Oregon law did not require the trial judge to impose a partially concurrent sentence as to any of petitioner's convictions. Because the circumstances of petitioner's case authorized fully consecutive sentences under Oregon law, the imposition of those sentences did not violate petitioner's right to due process. Accordingly, the state court decisions on this issue are neither contrary to, nor unreasonable applications of, clearly established federal law.

///

9 - FINDINGS AND RECOMMENDATION

**RECOMMENDATION**

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (docket #27) should be DENIED, and judgment should be entered DISMISSING this case with prejudice.

**SCHEDULING ORDER**

Objections to these Findings and Recommendation, if any, are due October 17, 2006. If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this <u>27th</u> day of September, 2006.

<u>/s/  Janice M. Stewart</u>
Janice M. Stewart
United States Magistrate Judge
