UNITED STATES DISTRICT COURT

DISTRICT OF OREGON


TERRELL THOMAS,                                              CV 04-1600-ST

       Petitioner,                                              OPINION AND ORDER

   v.

B. BELLEQUE,

       Respondent.
_____

REDDEN, Judge:

On September 27, 2006, Magistrate Judge Stewart filed her Findings and Recommendation (doc. 34). The matter is now before this court pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by a magistrate judge. 28 U.S.C. § 636(b)(1). When either party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a de novo determination of that portion of the Magistrate's findings and recommendation. 28 U.S.C. § 636(b)(1)(C); United States v. Remsing, 874 F.2d 614, 616 (9th

PAGE 1 - OPINION AND ORDER

Cir. 1989); Bhan v. NME Hospitals, Inc., 929 F.2d 1404, 1415 (9th Cir. 1991).

Plaintiff timely filed objections to Magistrate Judge Stewart's Findings and Recommendation. I have, therefore, given the file of this case a de novo review. I agree with Magistrate Judge Stewart's conclusions.

Petitioner filed this Habeas Corpus action pursuant to 28 U.S.C. § 2254, claiming that the Lane County Circuit Court violated his Fourteenth Amendment right to due process of law when the court imposed two fully consecutive sentences for two separate convictions of Sexual Abuse in the First Degree. In imposing the consecutive sentences, the Circuit Court erroneously believed that, under Oregon law, the court lacked the authority to impose partially concurrent sentences. In two cases decided after Petitioner's sentencing, the Oregon Court of Appeals concluded that Oregon's sentencing statutes "give[] the court authority to exercise its discretion to impose consecutive or concurrent sentences, provided that it makes appropriate findings." State v. Trice, 159 Or. App. 1, 4 (1999); see also State v. Carlson, 160 Or. App. 651 (1999). Petitioner contends that the court's failure to consider imposing partially concurrent sentences violated his right to due process of law. I disagree.

The court's imposition of a fully consecutive sentence did not violate Petitioner's right to due process because Petitioner had no underlying state-created right to have a judge consider imposing a concurrent sentence. Petitioner cites Hicks v. Oklahoma, 447 U.S. 343 (1980), for the proposition that the state court's arbitrary failure to consider a legally permissible concurrent sentence denied Petitioner his right to due process of law. Petitioner's reliance is misplaced.

In Hicks, a jury sentenced the petitioner to a 40-year term under a habitual offender statute. Id. at 345. The habitual offender statute was later declared unconstitutional. Id. On

PAGE 2 - OPINION AND ORDER

appeal, a state appellate court re-imposed the petitioner's original 40-year sentence even though that sentence was premised on an invalid statute, and despite the fact that defendants are entitled by statute to have their punishment fixed by a jury in Oklahoma. Id.  In the absence of the invalid habitual offender statute, a jury could have sentenced the defendant to as little as ten years in prison. Id. at 346.  The U.S. Supreme Court held that by "simply affirm[ing] the sentence imposed by the jury under the invalid mandatory statute," the state appellate court deprived the petitioner of his state-created "statutory right to have a jury fix his punishment in the first instance." Id. at 346-47.  Thus, Hicks simply stands for the proposition that if a state law guarantees a defendant a procedural right at sentencing, the state's failure to follow the required process may result in a due process violation.  Cf. Nunes v. Ramirez-Palmer, No. S-98-1333, 2005 WL 2135199, at *9 (E.D. Cal. 2005); Leavy v. Kirkland, 2006 WL 3513601 ("[S]tate laws guaranteeing an individual certain rights may create a liberty interest protected against arbitrary deprivation by the due process clause of the fourteenth amendment." (citing Hicks, 447 U.S. at 346)).

     Unlike the defendant's state-created right to be sentenced by a jury in Hicks, there is no state law that entitles a convicted defendant to have a judge to consider imposing concurrent sentences for multiple convictions in Oregon.  As Magistrate Judge Stewart correctly noted, the sentencing judge had the authority to issue a concurrent sentence, but Oregon law did not compel him to do so.  Because Petitioner in the present case has no state-created right to have a judge consider imposing a concurrent sentence, the Lane County Circuit Court did not violate Petitioner's Fourteenth Amendment right to due process by failing to consider such a sentence.

     In any event, I am not persuaded by Petitioner's argument that the Lane County Circuit

Court's sentencing decision was premised on an erroneous understanding of the law.  Nor am I persuaded that the trial court, in fact, failed to consider the possibility of imposing a concurrent sentence.  Although the trial court expressed some doubt as to whether Oregon law authorized a court to impose a concurrent sentence, the court made no specific finding on that issue.  Instead, the court imposed a fully consecutive sentence based on its specific findings regarding the factual circumstances of Petitioner's separate sexual abuse offenses.  The court made clear that "regardless" of whether Oregon law authorized concurrent sentences, Oregon law authorized fully consecutive sentences for separate and distinct sexual abuse crimes, and under these circumstances, a fully consecutive sentence was appropriate.  See Trial Transcript, at 770-72 & 787-89.  The court's decision to impose consecutive sentences was based on relevant sentencing factors rather than an erroneous understanding of the law.

After carefully considering the record in this matter, I find no error in Magistrate Judge Stewart's Findings and Recommendation (doc. 34), and I ADOPT them as my own.  Accordingly, Petitioner's Amended Petition for Writ of Habeas Corpus (doc. 27) is DENIED and the case is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this  12th  day of December, 2006.


/s/James A. Redden
James A. Redden
United States District Judge